UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| ONE HUNDRED FORTY-SEVEN THOUSAND DOLLARS IN U.S. CURRENCY ($147,000.00), | ) ) ) |
| Defendant. | ) ) |

### VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jonathan A. Clow, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about May 6, 2021, and is described more fully as one hundred forty-seven thousand dollars in U.S. currency ($147,000.00) (the "defendant property").

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

1

4.      Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5.      Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6.      Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7.      Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

8.      Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title

18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

**FACTS GIVING RISE TO THE FORFEITURE**

11. On or about May 6, 2021, law enforcement was conducting surveillance of Francisco Vargas ("Vargas") based on information that Vargas was participating in drug trafficking activities.

12. That morning, law enforcement observed Vargas at a Quality Inn hotel located in St. Louis, Missouri. Law enforcement observed Vargas exit the hotel, enter a 2019 Toyota Corolla ("Corolla"), and drive to the other side of the hotel. Vargas then re-entered the hotel before returning to the Corolla and driving away.

13. Vargas drove onto eastbound Interstate 70 and continued on Interstate 70 across the state border from Missouri into Illinois. Upon information and belief, Interstate 70 is a major corridor for drug trafficking activity.

14. Vargas was traveling in the Corolla east on Interstate 70 when an Illinois State Police trooper conducted a traffic stop for speeding.

15. When the trooper approached the Corolla, Vargas showed the trooper a California

3

Health Department employment identification card and indicated he was a supervisor for "this," meaning the California Health Department. The identification card appeared to be issued by the California Health Department for hazardous material removal.

16. Vargas then told the trooper he works for a national company and has a California license.

17. Vargas stated he was travelling from St. Louis, Missouri to Indianapolis, Indiana.

18. Vargas provided a rental agreement for the Corolla. It showed that the vehicle was rented on May 5, 2021, at Lambert International Airport in St. Louis, Missouri. Upon information and belief, individuals participating in drug trafficking often utilize rental, rather than personal, vehicles to transport drugs and drug proceeds.

19. The trooper asked Vargas to sit in the trooper's patrol vehicle, and he gave Vargas a written warning for speeding.

20. While sitting in the patrol vehicle, Vargas told the trooper his job site in St. Louis was delayed and he was on his way to Indianapolis to visit his friends and family.

21. While sitting in the patrol vehicle, Vargas was breathing heavily, causing his chest to noticeably rise.

22. The trooper asked Vargas for consent to search the Corolla. Vargas gave his consent.

23. The trooper located a suitcase in the rear seat of the Corolla. Inside the suitcase, the trooper discovered in a zipped compartment a large bundle of U.S. currency.

24. The trooper also located a black backpack in the rear seat of the Corolla. Inside the backpack, the trooper discovered eight additional bundles of U.S. currency.

25. Each bundle of U.S. currency was bound in multiple rubber bands that appeared to

be color-coded, either blue, red, or yellow, which is indicative of drug proceeds.

26. The U.S. currency was primarily comprised of denominations of $100 and $20 bills, also indicative of drug proceeds.

27. Vargas was placed under arrest, and the trooper read Vargas his Miranda rights. Vargas said he understood and did not want to speak with the trooper.

## COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

28. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 27 above as if fully set forth herein.

29. The defendant property is bulk U.S. currency that was discovered by law enforcement in bundles, bound in color-coded rubber bands, in denominations and a manner that is consistent with drug trafficking. In addition, the defendant property was found concealed in bags in a vehicle occupied by Vargas.

30. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

31. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 27 above as if fully set forth herein.

32. The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Vargas with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership

or control of, a specified unlawful activity.

33. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

34. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 27 above as if fully set forth herein.

35. The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Vargas in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

36. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of

6

America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

        Respectfully submitted,

        SAYLER A. FLEMING
        United States Attorney


        */s/ Jonathan A. Clow*
        JONATHAN A. CLOW, #68003(MO)
        Assistant United States Attorney
        111 South 10th Street, Suite 20.333
        Saint Louis, Missouri 63102
        Telephone:   (314) 539-2200
        Facsimile:    (314) 539-2777
        Jonathan.Clow@usdoj.gov

## VERIFICATION

I, Matthew Binnie, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/8/21
(date)

MATTHEW BINNIE
Special Agent
Drug Enforcement Administration